UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
at KNOXVILLE

| | |
|---|---|
| DEBBIE BUCKNER & <br> MIKE SULLIVAN, <br> <br> *Plaintiffs,* <br> <br> v. <br> <br> KNOX COUNTY, *et al.*, <br> <br> *Defendants.* | ) <br> ) <br> ) <br> ) <br> ) Case No. 3:16-cv-190 <br> ) <br> ) Judge Mattice <br> ) Magistrate Judge Shirley <br> ) <br> ) <br> ) |

## ORDER

Before the Court is the Motion to Stay (Doc. 7) filed by Defendants. Having carefully considered the Motion, the Court finds that it should be **GRANTED**.

### I. FACTUAL AND PROCEDURAL BACKGROUND

On May 15, 2015, various officers with the Knox County Sheriff's Department conducted a search of property belonging to Plaintiffs Debbie Buckner and Mike Sullivan. The search allegedly occurred based on a report that a considerable number of animals were living in sub-par conditions and being subjected to abuse. Plaintiffs argue that the search was executed without a warrant, and that they were arrested simply because they demanded to see a warrant before allowing Defendants onto their property. (Doc. 1 at 3-4).

As a result of the search and subsequent events, Plaintiffs were charged with several counts of animal cruelty, resisting arrest, and disorderly conduct in the General Sessions Criminal Court of Knox County. To date, neither Plaintiff has been indicted, although the criminal charges remain pending. (Doc. 7-1).

Plaintiffs filed the instant action on April 21, 2016, arguing, *inter alia*, that Defendants illegally searched and seized their property. (Doc. 1). On May 24, 2016, Defendants filed their Motion (Doc. 7), in which they request a stay of this action pending resolution of Plaintiffs' criminal charges in state court. Plaintiffs oppose the Motion. (Doc. 16).

## II. ANALYSIS

Trial courts have "broad discretion in determining whether to stay a civil action while a criminal action is pending." *F.T.C. v. E.M.A. Nationwide, Inc.*, 767 F.3d 611, 627 (6th Cir. 2014) (internal quotations and citations omitted). Courts generally consider and balance the following factors:

> 1) the extent to which the issues in the criminal case overlap with those presented in the civil case; 2) the status of the case, including whether the defendants have been indicted; 3) the private interests of the plaintiffs in proceeding expeditiously weighed against the prejudice to plaintiffs caused by the delay; 4) the private interests of and burden on the defendants; 5) the interests of the courts; and 6) the public interest.

*Id.* The burden is on the moving party to demonstrate "a pressing need for delay, and that neither the other party nor the public will suffer harm from entry of the order." *Ohio Envtl. Council v. U.S. Dist. Ct. S. Dist. of Ohio, E. Div.*, 565 F.2d 393, 396 (6th Cir. 1977). The Court, having weighed the aforesaid factors, finds that a stay is appropriate in this matter, as set forth below.

As to the first factor, it appears that the gravamen of both this proceeding and the parallel criminal proceeding arise from the May 15, 2015, search of Plaintiffs' property. The record reflects that as a result of the search, Plaintiffs were charged in state court with multiple counts of animal cruelty, resisting arrest, and disorderly conduct. Despite their assertions to the contrary, Plaintiffs' § 1983 claims in the instant action, including

2

claims of an illegal search and seizure and due process violations, would clearly implicate similar or identical issues as those presented in their criminal proceedings. Accordingly, this factor tends to favor the entry of a stay.

The second factor examines the status of Plaintiffs' criminal case. The record currently before the Court indicates that Plaintiffs have been charged in state court, but have yet to be indicted. A preliminary appearance is scheduled for October 18, 2016. (Doc. 16 at 4). Plaintiffs argue that the charges against them may well be dropped at the preliminary hearing due to lack of evidence, and so the entry of a stay in the interim would be relatively futile. In the alternative, Plaintiffs complain that a considerable amount of time has passed since they were charged, and they voice concern that much more time may pass until their criminal matters are resolved.

The Court does not find these arguments persuasive. If the criminal charges pending against Plaintiffs are indeed on the brink of resolution, that is all the more reason to stay this action for a short time so that it may move forward efficiently and expeditiously at a later date. As for Plaintiffs' apprehension that the criminal proceedings may languish to the peril of their civil claims, nothing prevents this issue from being revisited at a later date if necessary. As outlined below, the parties will be directed submit status reports at regular intervals so that the Court may be advised of the posture of the state court proceeding. Although "[a] stay of a civil case is most appropriate where a party to the civil case has already been indicted for the same conduct," the fact that Plaintiffs have been charged in state court and that a hearing is currently scheduled weighs in favor of a stay. *F.T.C.*, 767 F.3d at 628 (quoting *Trs. of Plumbers & Pipefitters Nat. Pension Fund v. Transword Mech.*, 886 F. Supp. 1134, 1139 (S.D.N.Y. 1995)).

3

Case 3:16-cv-00190-HSM-CCS   Document 17   Filed 08/18/16   Page 3 of 5   PageID #: 164

The third and fourth factors "examine the private interests of each party and the potential prejudice faced by each." *Bunch v. Foley*, 2015 WL 7871051, at *2 (W.D. Ken. Dec 3, 2015). Plaintiffs generally argue that they will be prejudiced by a stay due to the delay in prosecuting their claims, but the same is true for every similarly situated plaintiff. In considering the third factor, the Court must evaluate whether the "alleged prejudice or injury is particularly unique or compelling," and in this case, finds Plaintiffs' cursory objections to be neither. *Id.* (citing *Chao v. Fleming*, 498 F. Supp. 2d 1034, 1037 (W.D. Mich. 2007)). Accordingly, the third factor favors the entry of a stay.

The fourth factor also weighs in Defendants' favor. As is often true in civil actions where criminal charges are pending simultaneously, discovery in the civil action could be greatly hindered by Plaintiffs' assertion of their Fifth Amendment right to remain silent. Undoubtedly, Defendants will seek to depose Plaintiffs in this matter and ask specific questions about the events of May 15, 2015. In order to protect Defendants' interests, a stay is appropriate to prevent prejudice that may arise if Plaintiffs cannot fully engage in discovery or trial due to the invocation of the Fifth Amendment. *See McGee v. Madison Cnty.*, 2015 WL 3648986, at *4 (W.D. Tenn. June 10, 2015).[1]

As for the fifth factor, the Court has an interest "in docket management and the expeditious resolution of cases." *Chao*, 498 F. Supp. 2d at 2040. If the present case were to continue in tandem with the criminal proceeding, the Court would likely "consume time and resources to determine the precise contours" of how this matter should proceed in order to avoid inconsistent or unjust results. *McGee*, 2015 WL 3648986, at

---

[1] Plaintiffs complain that Defendants have withheld relevant evidence in the criminal case, and insinuate that this matter must proceed in order to induce the production of this evidence. (Doc. 16 at 5-6). The failure of a party to produce evidence in a state court matter, however, is an issue that must be brought before the judge presiding over that proceeding. This Court cannot and will not involve itself in such a dispute.

4

*4 (citations omitted). In addition, the entry of a stay at this juncture "may ultimately reduce or eliminate the need for discovery or result in a settlement" of the civil case. *Chao*, 498 F. Supp. 2d at 2040.

The final factor examines the public interest. Plaintiffs assert that the gravity of Defendants' alleged wrongful conduct—that is, entering private property without a warrant, seizing property, and wrongfully arresting individuals—is so great that the swift resolution of this matter is paramount. Specifically, Plaintiffs argue that "it is practically certain that other citizens have been and will continue to be abused by county law enforcement agents." (Doc. 16). Even taking Plaintiffs' assertions as truth, the remaining factors overwhelmingly favor the entry of a stay. Accordingly, the Motion to Stay (Doc. 7) will be **GRANTED**.

## III. CONCLUSION

For the reasons set forth above, the Motion to Stay (Doc. 7) filed by Defendants is hereby **GRANTED**. This matter is stayed pending resolution of Plaintiffs' criminal charges or until further notice. The parties **SHALL** file a status report **every 90 days**, advising the Court of the status of Plaintiffs' criminal charges. The parties are **ON NOTICE** that failure to file their status report by the dates set forth herein may result in sanctions against both parties.

**SO ORDERED** this 18th day of August, 2016.

        */s/ Harry S. Mattice, Jr.*
        HARRY S. MATTICE, JR.
        UNITED STATES DISTRICT JUDGE

5

Case 3:16-cv-00190-HSM-CCS   Document 17   Filed 08/18/16   Page 5 of 5   PageID #: 166